WAINSCOTT *v.* STATE OF INDIANA.

[No. 13,760.   Filed June 6, 1929.]

*Foley & Foley,* for appellant.

*James M. Ogden,* Attorney-General, and *E. Burke Walker,* Deputy Attorney-General, for the State.

ENLOE, J.—The appellant was tried by a jury upon an affidavit in two counts.   The first charged the appellant was living in a state of adultery with one Mary Fletcher; the second charged the appellant with public indecency, in that, being over fourteen years of age, he did "make an indecent exposure of his person in a place where there were then and there other persons to be offended or annoyed thereby, contrary to the form of the statute," etc.   The jury returned a verdict finding the appellant not guilty upon the said first count, but guilty as to the charge of public indecency.   From the judgment rendered upon this verdict, this appeal is prosecuted and the only question presented is the sufficiency of the evidence.

It appears that the woman involved in this case was a married woman who was separated from her husband, and who was living, in September, 1927, in the village of Wingate, Montgomery county. Her husband, Charles R. Fletcher, testified that after the separation he went back and saw appellant going to the house where his wife lived; that on September 15, 1927, he saw appellant enter the home of his wife; that it was after dark; that witness was across from the house in the grave yard; that his wife took the children upstairs and put them to bed, and then came downstairs, pulled down the blind at the *east* window—the window through which witness was looking—and that witness then changed his location and went to a point from which he could look through the *west* window, over which there was no blind, and there watched the parties; that he then and there saw the appellant hug and kiss his wife; saw him unfasten his clothing, take out his private parts, and then and there have intercourse with the wife of the witness. This witness also testified that on the evening of September 30, 1927, at about 9 o'clock, he again, by looking through a window, saw his wife and appellant have intercourse. There is no pretense that, at these times, there were other persons in the room with these people; in fact, the evidence is positive to the fact that no other persons were present in the room, and the above noted is all the testimony, and the only testimony, upon which a conviction, if sustained, must rest.

The statute (§2567 Burns 1926) provides: "Whoever, being over fourteen years of age, makes an indecent exposure of his person in a public place, or in any place where there are other persons to be offended or annoyed thereby, . . . , is guilty of public indecency," etc. The place where the acts in this case, of which complaint is made, were committed, was a private dwelling; there was no one present in the room

except the parties; the witness was not in a public place at the time he saw the parties, and the room in which they were was not open to view by persons in a public place. The facts proved do not bring this case within the statute as to public indecency.

Reversed.